UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
CAPTAIN SHONTEL NICHOLAS and
CAPTAIN JACQUELINE PACK,

                Plaintiffs,

   - v -

THE CITY OF NEW YORK, et al.,

                Defendants.
----------------------------------------------------------x

**OPINION AND ORDER**

CV 07-134 (SJ)(VVP)

        By letter dated October 1, 2007, counsel for defendants requested that this court dismiss the present action as to defendants Jesse Vann, Richard Tullo, and "Willie" Colon, due to plaintiffs' failure to timely serve a copy of the summons and complaint on those defendants under Federal Rule of Civil Procedure 4(m). On October 4, 2007, counsel for plaintiffs filed a letter in response, requesting that the court deem that defendant Colon had been timely served, and requesting that the court permit the action to proceed despite plaintiffs' late service of process on defendants Tullo and Vann.

        Defendants submit that over 267 days have now expired since the plaintiffs' complaint was filed. They assert that plaintiffs failed to timely serve defendants Vann, Tullo and Colon within 120 days as provided under Rule 4(m). Plaintiffs admit they did not timely serve defendants Tullo and Vann; they contend, however, that they were initially under a misapprehension that service on Mr. Colon was complete. It appears from plaintiffs' submission that when they learned their initial efforts to serve defendants Tullo, Vann and Colon had failed, plaintiffs' counsel intended to make further attempts at service but inadvertently neglected to do so. Plaintiffs became aware sometime in September of 2007 that they had failed to pursue service on these three defendants, and thereafter made efforts to rectify these failures. Plaintiffs attached as exhibits to their letter copies of affidavits of service for the three defendants, dated October 1, 2007 for defendant Vann, October 2, 2007 for defendant Tullo, and October 4, 2007 for defendant Colon.

        While Rule 4(m) does establish a 120-day period for parties to complete service, "[i]t is well-settled that the Federal Rules of Civil Procedure grant courts discretion to extend the

amount of time for service in a given action, including after the expiration of the 120-day period for service." *Datiari v. City of New York*, No. CV 02-5985, 2004 WL 2612786, at *2 (E.D.N.Y. Nov. 17, 2004); *accord Henderson v. United States*, 417 U.S. 654, 662-63 (1996). Federal Rule of Civil Procedure 4(m) provides, in relevant part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court . . . shall dismiss the action without prejudice as to that defendant or *direct that service be effected within a specific time* . . . .

Fed. R. Civ. P. 4(m) (emphasis added). This rule "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision *even if there was no good cause shown*." *Id.*, 1993 advisory committee notes (emphasis added); *see also Henderson*, 417 U.S. at 662-63 (1996) ("courts have been accorded discretion to enlarge the 120-day period even if there was no good cause shown."); *Zapata v. City of New York*, No. 06-1059-CV, 2007 WL 2742612, at *3 (2d Cir. Sept. 20, 2007)("[W]e hold that district courts have the discretion to grant extensions even in the absence of good cause."). This court, therefore, has the discretion to extend plaintiffs' time to effect service beyond the 120 day period, even in the absence of a showing of good cause.

Plaintiffs clearly failed to serve defendants Vann, Tullo and Colon within the 120-day period provided under Rule 4(m). While plaintiffs had reason to believe that Colon had been timely served, with respect to Vann and Tullo, the delay is attributable only to plaintiffs' counsel's error. Nevertheless, the court deems it a proper exercise of its discretion to extend plaintiffs' time to effect service. To recommend otherwise would have serious consequences for the plaintiffs. Although a dismissal under Rule 4(m) is without prejudice, the plaintiffs here would be barred from refiling this Title VII action as to these defendants because the 90-day period following the issuance of the right-to-sue letter has run. The court also notes that defendants have not demonstrated, or even suggested, that they have been seriously prejudiced by plaintiffs' delay.

Accordingly, defendants' request for dismissal is denied, and the plaintiffs' time to complete service is extended such that the October 1, 2007 service on defendant Jesse Vann, the October 2, 2007 service on Richard Tullo, and the October 4, 2007 service on "Willie" Colon are

deemed timely. Defendants are granted 30 days to respond to the complaint. *See*, *e.g. Foersch v. Norris,* No. CV 06-1044, 2007 WL 1655769, at *1-2 (E.D.N.Y. June 5, 2007); *Datiari,* 2004 WL 2612786, at *2-3.

**SO ORDERED:**

*Viktor V. Pohorelsky*

VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
October 17, 2007