UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CAPTAIN SHONTEL NICHOLAS, et al.,

                    Plaintiffs,

                                                    **ORDER**

          - v -

                                                    CV-07-134 (SJ)(VVP)

CITY OF NEW YORK, et al.,

                    Defendants.
-----------------------------------------------------------------x
POHORELSKY, Magistrate Judge:

Having found the defendants' responses to their interrogatories and document requests to be deficient, the plaintiffs have sought rulings from the court. The rulings are set forth below.

*Interrogatory 19*: The defendants shall serve a supplemental response identifying the plaintiffs' supervisors during the relevant period, including those who disciplined them and gave them their job assignments. The defendants' response is otherwise sufficient, as the plaintiffs may obtain the information sought – all persons with knowledge of the claims and defenses in this action – from a review of the documents as easily (and perhaps more easily given the nature of their claims) as the defendants.

*Interrogatories 20 and 21*: The defendants shall serve a supplemental response to each of these interrogatories. If, as the defendants contend, they did not order the plaintiffs to undergo medical treatment and did not examine or treat them, they must say so.

*Interrogatories 22 and 23*: The defendants' responses are sufficient, but they must provide the plaintiffs with a date when the information will be produced.

*Interrogatory 24*: The defendants' objection is sustained. The plaintiffs have not provided the court with an explanation of their need for the highly sensitive and personal information requested which is sufficient to justify its disclosure. This ruling is without prejudice to a renewed application by the plaintiffs based on a more compelling showing of need.

*Document Request 27*: The defendants' objection to providing documents concerning complaints of discrimination generally is sustained. The plaintiffs' allegation of a "culture" of discrimination and retaliation does not entitle them to such broad discovery of information not

likely to be admissible at trial.  *See* Fed. R. Evid. 404(b).  Proof of such a "culture" would require mini-trials of each complaint of discrimination to determine whether it had merit and whether the defendants' response was adequate, an undertaking not likely to be permitted by the trial court.  The defendants' offer to produce documents concerning gender-based discrimination only, however, is not sufficient, given the plaintiffs' claims of retaliation.  The defendants therefore must also provide documents concerning complaints of retaliation made against any of the individual defendants who are alleged to have had personal involvement in employment actions undertaken in retaliation for the plaintiffs' complaints of discrimination.

*Document Request 28*:  The defendants' objection is sustained.  Except for documents responsive to other requests that the defendants offer, or are ordered, to produce, the personnel files of other captains are irrelevant.

*Document Request 32*:  The defendants' response is sufficient.  The overbreadth objection concerning "other charges" is sustained as the court fails to see the relevance of documents relating to all other charges investigated by Sanford.  A party is entitled to produce documents as they are kept in the usual course of business.  Thus the reference to personnel and other files in response to this request is adequate provided they are labeled as such.

*Document Requests 35 and 38*: The parties shall submit further argument and authorities by letter concerning the relevance of the information requested and the objections to its production, and the defendants shall provide details by means of an affidavit by a person with actual knowledge concerning the burden that compliance with the requests will pose.  The submissions shall be made by January 11, 2008.

*Document Request 56*: The plaintiffs shall provide a more detailed description of the documents sought by the request, and the defendants shall provide a supplemental response to the request within ten days thereafter.

The defendants' responses to the document requests not specifically addressed above are sufficient.  A party is entitled to produce documents as they are kept in the usual course of business.  Thus the defendants' reference to personnel and other files in response to some requests is adequate provided the files are properly labeled.  That the defendants state that the files "may" contain responsive documents is not inappropriate.  Any uncertainty by the plaintiffs concerning the import of any particular documents in those files may be remedied by deposition.  As to the defendants' representations in numerous responses that they are continuing to search

for documents, they must conclude their searches by January 11, 2008 and produce all responsive documents by January 18, 2008.  If requested, the defendants shall produce for deposition persons with knowledge concerning the efforts that were undertaken to locate documents responsive to the requests.

**SO ORDERED:**

*Viktor V. Pohorelsky*

VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:    Brooklyn, New York
          December 21, 2007