UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CAPTAIN SHONTEL NICHOLAS, et al.,

                    Plaintiffs,            **ORDER**

     - v -

                                       CV-07-134 (SJ)(VVP)

CITY OF NEW YORK, et al.,

                      Defendants.
------------------------------------------------------------x
POHORELSKY, Magistrate Judge:

      The plaintiffs have moved to compel the defendants to produce a witness to provide testimony in response to an Amended Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6). The defendants have properly objected to the Notice because it asks the defendants to provide witnesses who can testify in support of contentions framed by the plaintiffs. That is not the purpose of Rule 30(b)(6), which is to discover facts, not contentions or legal theories. *See, e.g., King Pharmaceuticals, Inc. v. Eon Labs, Inc.*, No. 04-CV-5540, 2008 WL 5111005, at *1 (E.D.N.Y. Dec. 4, 2008); *JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002). Thus, in items 1 through 4 of the Notice, the plaintiffs seek a witness who can testify as to why production of certain documents is "too burdensome" in light of various facts posited by the plaintiffs. As the defendants correctly observe, whether or not production of documents is "too burdensome" is not a fact; it is a legal determination. A proper notice would seek testimony about what efforts would be required to produce the various types of documents identified in those items. Item 5 seeks an explanation for why certain documents were not located in view of the plaintiffs' contention that they existed at one time. Again, a proper notice would seek testimony about whether such documents were ever prepared or possessed by the defendants, and if so, what efforts were made to locate them. (Item 6 merely states facts without identifying a subject about which testimony is sought.) The plaintiffs' motion is accordingly DENIED.

      The plaintiffs' counsel should now do what was apparently not done after the defendants' counsel advised the plaintiffs' counsel, in a letter dated December 31, 2008, of the objections

-1-

which the court has now sustained – discuss the matter before seeking judicial intervention. The court has already observed that testimony in response to a proper notice of deposition concerning the discovery sought from, but not produced by, the defendants is appropriate. If the parties cannot agree on a list of subjects after discussing the matter by telephone or in person, the plaintiff may again seek the court's assistance. The deadline for making any such application is February 6, 2009.

                                            **SO ORDERED:**

                                          */s/ Viktor V. Pohorelsky*
                                          VIKTOR V. POHORELSKY
                                          United States Magistrate Judge

Dated: Brooklyn, New York
       January 22, 2009